**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KECHI TOWNSHIP, ) ) Plaintiff, ) ) v. ) ) FREIGHTLINER, LLC n/k/a DAIMLER ) TRUCKS NORTH AMERICA LLC; DETROIT ) DIESEL CORPORATION, a subsidiary ) of DAIMLER TRUCKS NORTH AMERICA ) LLC, DELCO REMY n/k/a REMY ) INTERNATIONAL, INC.; CUMMINS, ) INC.; OMAHA TRUCK CENTER, INC. ) e/b/a KANSAS TRUCK CENTER, ) ) Defendants. ) ) | **CIVIL ACTION** No. 10-CV-1051-MLB-DWB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants Delco Remy n/k/a Remy International, Inc. ("Remy") and Cummins Engine Company, Inc.'s ("Cummins") motions to dismiss. (Docs. 15, 21). The matter has been fully briefed and is ripe for decision. (Docs. 17, 22, 28, 29). For the reasons stated below, defendants' motions are granted. Plaintiff may amend its complaint.

**I.   BACKGROUND**

On or about December 18, 2007, a fire occurred at the Kechi Township shop building in Wichita, Kansas. "The fire originated from a 2000 Freightliner, Model RL-70 with vehicle identification number 1FY3HFBC9YEG94496. ... The fire then spread to the surrounding equipment, other business personal property and the structure." (Doc. 1-2 at 8). Plaintiff alleges that a malfunction in the positive battery cable of the Freightliner caused the fire.

On November 30, 2009, plaintiff filed suit in state court against defendants claiming negligence, strict liability, failure to warn, and breach of express and implied warranties. The parties stipulated the dismissal of defendant Midwest Truck Equipment, Inc. and the remaining defendants filed a notice of removal on February 29, 2010.

**II.  12(b)(6) STANDARDS**

Defendants' motions are made pursuant to Federal Rule of Civil Procedure 12(b)(6).  The standards this court must utilize upon a motion to dismiss are well known.  To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009) (expanding Atl. Corp. v. Twombly, 550 U.S. 544, (2007) to discrimination suits); Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to the plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III.  ANALYSIS**

Defendants claim that plaintiff's allegations against them specifically are conclusory.  Plaintiff's complaint contains several

factual allegations concerning defendant Freightliner. However, plaintiff does not specifically allege any facts against Remy and Cummins. Plaintiff merely alleges that "the remaining defendants are responsible for the fire because they designed, manufactured, tested, produced, distri[b]uted, sold supplied, installed, provided maint[en]ance or failed to warn with respect to component parts involved in the fire." (Doc. 1-2 at 8).

The court agrees that plaintiff's allegations against Remy and Cummins are conclusory at best. Plaintiff sets forth more specific allegations and facts in its response to defendants' motions to dismiss. (Doc. 28 at 6, Doc. 29 at 6-7). Plaintiff also states that should defendants' motions be granted, it will seek leave to amend. The court finds that amendment is appropriate. Therefore, defendants' motions to dismiss are granted and plaintiff is permitted to amend the petition to provide more specific facts concerning Remy and Cummins.

**IV. CONCLUSION**

For the reasons stated more fully herein, defendants' motions to dismiss (Docs. 15, 21) are granted. Plaintiff shall file its amended complaint on or before June 25, 2010.

IT IS SO ORDERED.

Dated this  9th  day of June 2010, at Wichita, Kansas.

s/ Monti Belot  
Monti L. Belot  
UNITED STATES DISTRICT JUDGE