# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KECHI TOWNSHIP, )
 )
                Plaintiff, )
 )
v. ) Case No. 10-1051-MLB-DWB
 )
FREIGHTLINER, LLC, now known as )
DAIMLER TRUCKS NORTH AMERICA )
LLC; DELCO REMY, now known as )
REMY INTERNATIONAL, INC.; )
CUMMINS ENGINE COMPANY, INC.; )
and OMAHA TRUCK CENTER, INC., )
d/b/a KANSAS TRUCK CENTER, )
 )
                Defendants. )
_____)

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Extension of Time to File Amended Complaint. (Doc. 35.) Defendant Cummins has filed a response to the motion and objects to any requested extension. (Doc. 37.) At a telephone conference on July 13, 2010, the other defendants joined in Cummins' objection to any extension or discovery by Plaintiff. At the conference, Plaintiff was given to July 23, 2010 to file any reply concerning its motion for extension. That reply has now been filed. (Doc. 39.) After reviewing the motion, response and reply, the Court does not believe that additional oral argument is necessary prior to its ruling on the motion.

This case was originally filed in state court and subsequently removed to federal court. Defendants Remy and Cummins filed motions to dismiss (Doc's 15, 21), and the Court, by Memorandum and Order of June 9, 2010, granted the motions to dismiss these parties, but allowed Plaintiff to June 25, 2010 to file an amended complaint setting out any additional allegations against those parties. (Doc. 34, at 3.) In its motion for extension of time, Plaintiff requested the opportunity to conduct discovery by deposing "certain witnesses for Defendant Freightliner" and stated that "[t]he testimony from the depositions may provide the necessary evidence for the Plaintiff to file an Amended Complaint with more specific allegations against Defendants Remy and Cummins." (Doc. 35, at 2 ¶ 6)[1]

Defendants object to any discovery prior to Plaintiff's filing of an amended complaint. Defendants note that while the case was in state court, Plaintiff served interrogatories on Defendant Freightliner inquiring as to the possible liability of any component manufacturer, and in their answers Freightliner did not make any claims of liability as to either Cummins or Remy. Furthermore, Defendants argue that since the fire occurred in 2007, Plaintiff has had the opportunity to inspect the

---

[1] In its reply, Plaintiff states that the witnesses are Defendant Freightliner's experts (Doc. 39, at 2 ¶ 5), and that Plaintiff wants to depose these experts about statements not made under oath, but during an investigation outside the parameters of a lawsuit. (Doc. 39, at 4 ¶ 11.)

truck to determine if any specific parts were defective or were in any way responsible for the fire that occurred.[2] Therefore, Defendants argue that additional discovery of Freightliner prior to the filing of any amended complaint is unnecessary and unlikely to lead to any relevant information concerning potential claims against either Cummins or Remy.

Defendants rely on three Tenth Circuit cases to support their argument that Plaintiff is not entitled to conduct a "fishing expedition" after the filing of the original suit in an attempt to uncover some factual basis for bringing amended claims against Cummins or Remy: Jarvis v. Nobel/Sysco Food Services Co., 985 F.2d 1419, 1423 n. 4 (10th Cir. 1993); Sawyer v. County of Creek, 908 F.2d 663, 668 (10th Cir. 1990); and Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1169 (10th Cir. 2000). Plaintiff argues that these cases are not binding authority on the issues presented by this motion. (Doc. 39, at 2-3.) However, while those cases may deal with different types of claims, i.e., qualified immunity defense, and involve different procedural issues, i.e., Rule 56(f) affidavits concerning pending summary judgment motions, they are instructive concerning a plaintiff's obligation to have a sufficient factual basis for asserting claims or making amended claims

---

[2] In its reply, Plaintiff states that it has conducted "extensive investigations, which Defendant Cummins participated in." (Doc. 39, at 4 ¶ 10.)

without conducting discovery or undertaking a "fishing expedition" in the hope of uncovering some factual basis for such claims or amendments. Furthermore, these cases recognize that plaintiff has this obligation even in cases where the alleged factual information which plaintiff hopes will support its claim is in the exclusive control of the opposing party.

After considering all the arguments of the parties, the court finds that Plaintiff is not entitled to undertake formal discovery in this case prior to filing any amended complaint outlining claims against Cummins and Remy. Therefore, to the extent that Plaintiff requests such expedited discovery, the motion is DENIED. However, the motion is GRANTED insofar as Plaintiff is given until **August 16, 2010** within which to file any amended complaint setting out claims against Cummins and Remy.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 26th day of July, 2010.

    s/ DONALD W. BOSTWICK
    DONALD W. BOSTWICK
    United States Magistrate Judge