**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KECHI TOWNSHIP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FREIGHTLINER, LLC n/k/a DAIMLER ) <br> TRUCKS NORTH AMERICA LLC; DELCO ) <br> REMY n/k/a REMY INTERNATIONAL, ) <br> INC., ) <br> ) <br> Defendants. ) <br> _____) | **CIVIL ACTION** <br><br> No. 10-1051-MLB |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Delco Remy n/k/a Remy International, Inc.'s ("Remy") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 43). That matter has been fully briefed and is ripe for decision. (Docs. 44, 48, 52). For the reasons stated herein, Remy's motion is denied.

**I.    BACKGROUND**

On or about December 18, 2007, a fire occurred at the Kechi Township shop building in Wichita, Kansas. "The fire originated from a 2000 Freightliner, Model RL-70 with vehicle identification number 1FY3HFBC9YEG94496. ... The fire then spread to the surrounding equipment, other business personal property and the structure." (Doc. 1-2 at 8). Kechi Township ("Kechi") alleges that a malfunction in the positive battery cable of the Freightliner caused the fire.

On November 30, 2009, Kechi filed suit in state court against defendants claiming negligence, strict liability, failure to warn, and breach of express and implied warranties. The parties stipulated to

the dismissal of defendant Midwest Truck Equipment, Inc. and the remaining defendants filed a notice of removal on February 29, 2010.

**II.     ANALYSIS**

   **1.    Statute of Limitations**

Remy claims that Kechi's claims are barred by the applicable statute of limitations because its first complaint was dismissed on the merits and therefore Kansas' savings statute does not apply. Kechi responds that Kansas' saving statute is inapplicable because the state court petition was dismissed because it did not meet federal pleading standards.

This case was removed on February 19, 2010, which is after the two-year statute of limitations had expired. In its Memorandum and Order dated June 9, (Doc. 34) the court granted defendants' motions to dismiss and granted Kechi leave to amend its complaint on or before June 25.

On June 25, Kechi moved for an extension of time to file an amended complaint and for limited discovery. (Doc. 35). Defendant Cummins Engine Company, Inc. ("Cummins") objected (Doc. 37), but Remy did not. The court denied Kechi's motion for discovery, but granted its extension until August 16. Kechi filed its amended complaint on August 16 and its second amended complaint on August 24.

The court gave Kechi permission to amend its complaint when it granted Remy's and Cummins' motions to dismiss. Remy did not object stating that amendment was futile because Kechi was out of time. Furthermore, both the federal and state relation back statutes permit Kechi's amended complaint to relate back to the date the original petition was filed.    See Fed. R. Civ. P. 15(c)(2); K.S.A. 60-

-2-

215(c)(2). The amended complaint asserts claims that arose out of the same conduct and occurrence set out in the original petition. Kechi's amended complaint is not barred by the statute of limitations.

**2. Fed. R. Civ. P. 12(b)(6)**

Remy also moves to dismiss Kechi's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009) (expanding Atl. Corp. v. Twombly, 550 U.S. 544, (2007) to discrimination suits); Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). "Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Schmidt v. DJO, LLC, No. 09-cv-02683-WYD-MEH, 2010 WL 3239249, at *2 (D. Colo. Aug. 12, 2010) (quoting Iqbal, 129 S.Ct. at 1949). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to the plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue remains not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

A product liability claim under the Kansas Product Liability Act

includes actions based on strict liability, negligence, and breach of express or implied warranty. K.S.A. 60-3302(c). "Kansas law recognizes three ways in which a product may be defective: (1) a manufacturing defect, (2) a warning defect or (3) a design defect." Vanderwerf v. SmithKlineBeecham Corp., 414 F. Supp. 2d 1023, 1025 (D. Kan. 2006).

> Kechi's amended complaint alleges:
>
> The malfunction causing the fire was in the positive battery cable not adequately attached to the starter.
>
> \*             \*             \*
>
> The starter assembly and cable was designed, recommended and supplied by Delco Remy.
>
> \*             \*             \*
>
> Defendants, when they placed the vehicle and its component parts into the stream of commerce in the state of Kansas, expressly and impliedly warranted and represented that it was fit and proper for the use and purposes intended for said vehicle, and more particularly, represented that the vehicle was safe and did not constitute a dangerous and hazardous condition to persons or entities owning and operating it as expected and intended.

(Doc. 42 at 2-3). Kechi also alleges that Remy was "engaged in the design, manufacture, testing, production, distribution, sale, and installation of the positive battery cable installed in the subject vehicle." (Doc. 42 at 3-4).

The court finds that Kechi alleges sufficient facts in its amended complaint such that claims for strict liability, negligence, and breach of warranty are plausible against Remy. The fire originated in the positive battery cable, which was attached the starter designed by Remy. Contrary to defendant's position, it is not

-4-

necessary at the pleading stage for Kechi to pinpoint where the defect specifically originated and how it was defectively designed and/or manufactured. See Vanderwerf, 414 F. Supp. 2d at 1026 (stating that at the pleading stage, the plaintiffs need not specifically allege how the defendants' products were defective.)

Kechi has alleged enough facts that the court can infer a design and/or manufacturing defect in the positive battery cable, which malfunctioned causing the fire. It is plausible that the positive battery cable was unreasonably dangerous and caused Kechi damages. Discovery is not complete and it may come to light that Remy was not responsible for any component part where the fire originated. If so, Remy can seek to extricate itself from the case by other means. However, that is not the court's concern for purposes of a motion to dismiss. Therefore, the court finds that Kechi's amended complaint alleging a products liability claim against Remy is plausible on its face. Remy's motion to dismiss under Fed. R. Civ. P. 12(b)(6) is denied.

### III. CONCLUSION

For the foregoing reasons, Remy's motion to dismiss Kechi's second amended complaint (Doc. 43) is denied.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider

and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau.

IT IS SO ORDERED.

Dated this  18th  day of November 2010, at Wichita, Kansas.

> s/ Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE