IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
KECHI TOWNSHIP and EMPLOYERS   )
MUTUAL CASUALTY COMPANY,       )
                               )
                 Plaintiff,    )   CIVIL ACTION
                               )
v.                             )   No.  10-1051
                               )
FREIGHTLINER, LLC n/k/a DAIMLER)
TRUCKS NORTH AMERICA LLC,      )
                               )
                 Defendant.    )
                               )
```

**MEMORANDUM AND ORDER**

Before the Court are the following:

   1. Defendant's Motion for Summary Judgment (Doc. 103);

   2. Defendant's Memorandum in Support of Summary Judgment (Doc. 104);

   3. Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 107);

   4. Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment.

This case comes before the court on Defendant's Motion for Summary Judgment. Plaintiff Kechi Township (Kechi) filed this action against defendant Freightliner, LLC., n/k/a Daimler (Daimler) to seek recovery for damages from a fire. Kechi asserts strict liability claims for defective design, negligent design, and breach of the implied warranty of fitness for a particular use. The motion has been fully briefed and is ripe for decision. The motion is denied for the

reasons stated herein.

## I.   UNCONTROVERTED FACTS

On December 19, 2007 at 12:15 A.M., a fire occurred in Kechi's shop building in Wichita Kansas. The fire completely destroyed Kechi's shop, and all its contents. At the time of the fire, a Model RL-70 2000 Freightliner truck was parked inside the shop building. The truck was manufactured and sold by Daimler, and was last operated on December 18, 2007 at 2:45-3:00 P.M.

Kechi pins the cause of the fire on the truck. Kechi retained two experts to determine the cause of the fire. Don Birmingham opined, based on his personal on-site investigation, burn patterns, and discussions with Sedgwick County Fire Department investigators, that the fire originated from the truck. James Martin opined that the fire was caused by a loose connection near the starter of the truck that created excessive resistance sufficient to ignite nearby combustibles. After further investigation, a bus bar and cap nut were found in the engine connecting the starter solenoid to the positive battery cable, alternator output cable, and cab power cable.

Delco Remy is the manufacturer of the starter used in the truck. Delco Remy's product specifications for the starter state that a bus bar and cap nut should not be used on the B+ starter terminal due to increased load and safety hazards. Mike Stohler, Delco Remy representative, explained that a bus bar and cap nut could cause the connection in the starter to come loose and create sparks. Kechi's experts located an exemplar truck manufactured by Daimler, and found that the exemplar truck had an identical cap nut. Kechi and the owner of the exemplar truck both claim they, nor anyone else, altered the

-2-

starter by installing a cap nut.

Daimler has a different explanation of the cause of the fire. Kechi used a wood burning stove located in the shop building to heat the shop building. On December 18, 2007 at 3:15 P.M., Kechi employee Jacob Cox removed hot ashes from the stove and placed them in a plastic trash container. Cox also placed additional logs into the stove prior to leaving work that evening. It was not uncommon for the stove to be burning wood all night. Captain Leake of the Sedgwick County Fire Department opined in his report that the fire probably originated near the trash container. Ultimately, however, he concluded that the cause was of an undetermined nature.

## II.  **SUMMARY JUDGMENT STANDARD**

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here. Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists so that a rational trier of fact could resolve the issue either way and an issue is "material" if under the substantive law it is essential to the proper disposition of the claim. <u>Adamson v. Multi Community Diversified Svcs., Inc.</u>, 514 F.3d 1136, 1145 (10th Cir. 2008). When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be

-3-

resolved in favor of either party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986). If so, the court cannot grant summary judgment. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).

**III. ANALYSIS**

In order to set out a prima facie products liability claim, Kechi must produce proof of three elements: 1) the injury resulted from a condition of the product; 2) the conditions was an unreasonably dangerous one; and 3) the condition existed at the time it left Daimler's control. <u>Mays v. CIBA-Geigy Corp.</u>, 233 Kan. 38, 54 (1983). Additionally, "regardless of the theory upon which recovery is sought for injury in a products liability case, proof that a defect in the product caused the injury is a prerequisite to recovery." <u>Miller v. Lee Apparel Co., Inc.</u>, 19 Kan. App. 2d 1015, 1032 (1994)(citing <u>Wilcheck v. Doonan Truck & Equip., Inc.</u>, 220 Kan. 230, 235 (1976)); see also PLK 4th 128.17 and 128.18.

**a. Daimler's "Lack of Evidence of a Design Defect" Argument**

First, Daimler moves for summary judgment on the basis that Kechi cannot sufficiently show that the alleged defect in the truck was in fact part of the truck design. Further, Daimler asserts that Kechi cannot show that the alleged defect existed at the time the truck was sold to Kechi, and any assertion otherwise is mere speculation. Kechi, on the other hand, argues that it can show Daimler's truck design was defective and that the defect existed at the time the truck left Daimler's control. Kechi plans to use expert opinion about the origination and cause of the fire, the vehicle history, the exemplar truck, and the Delco Remy starter specifications to support its argument. Specifically, Kechi argues that the truck design was

defective because no alterations were made to the starter once the truck was purchased from Daimler, the starter contained components specifically warned of by Delco Remy, and therefore the truck was defective before Kechi purchased the truck from Daimler.

While Daimler contends that Kechi's argument is simply speculation[1], Kechi's argument is more accurately defined as circumstantial. "It is not necessary that plaintiff prove the existence of a specific defect by direct evidence; circumstantial evidence of a defect will suffice." Pekarek v. Sunbeam Products, Inc., 672 F. Supp.2d 1161, *1190 (D. Kan. 2008)(citing Mays v. Ciba-Geigy Corp., 233 Kan. 38, 661 P.2d 348 (1983)). Based on Kechi's argument, a reasonable jury could conclude that Kechi's experts are credible and find that the truck at issue had a design defect when purchased from Daimler. On the other hand, a jury may not believe Kechi's experts and find that Kechi failed to prove the truck at issue was defective at the time of purchase. Because the condition of the truck at the time of purchase is material to this case, and a reasonable jury could find for either Kechi or Daimler, a genuine issue of material fact exists with regard to the condition of the truck at the time of purchase.

### b.   Daimler's "Failure to Eliminate Other Causes" Argument

Next, Daimler argues that summary judgment should be granted

---

[1] The three cases cited by Daimler do state the standard language that more than mere speculation is required to defeat summary judgment. But none of the cases are remotely similar to this case. Lewis v. Tripp, 604 F.3d 1221 (10th Cir. 2010) involved an administrative subpoena; Bones v. Honeywell Int'l, Inc., 366 F.3d 869 (10th Cir. 2004) was an FMLA case; and Conaway v. Smith, 853 F.2d 789 (10th Cir. 1988) was a wrongful discharge case. Cases which apply standard language to similar facts are always far more persuasive.

because Kechi has failed to eliminate other reasonable causes of the fire. Specifically, Daimler argues that Kechi's experts did not expressly rule out that the wood burning stove located in Kechi's shop caused the fire. Kechi, on the other hand, argues that Mr. Birmingham considered all possible sources of ignition and determined that the source of the fire was the truck.

The Kansas Supreme Court has held:

> ". . .for circumstantial evidence to be sufficient to sustain a finding in a civil case, such evidence need not rise to that degree of certainty which will exclude any and every other reasonable conclusion. It suffices that such evidence affords a basis for a reasonable inference by the court or jury of the occurrence of the fact in issue, although some other inference equally reasonable might be drawn therefrom. Causation, like any other fact question, may be shown by circumstantial evidence."

Am. Family Mut. Ins. Co. v. Grim, 201 Kan. 340, 343-44 (1968).

Here, Kechi's experts have provided a "basis for a reasonable inference" that the cause of the fire was a defect with the truck starter. Mr. Birmingham concluded that the truck was the source of the fire based on burn patterns in the shop. Mr. Martin determined that the loose connection from the B+ terminal in the starter caused the fire. Further, Mr. Birmingham stated in his deposition that the trash can with the ashes from the wood burning stove was not the source of the fire. This evidence, coupled with Delco Remy's product specifications for the starter could lead to the reasonable inference that the truck was defective, and caused the fire. On the other hand, the jury could reasonably determine that Mr. Birmingham was incorrect in his findings based on the report from Captain Leake that the fire started near the trash container with the ashes from the wood burning stove. Whether the

fire originated at the truck or some other source is a genuine issue of material fact.

## V. CONCLUSION

Defendant's Motion for Summary Judgment is denied for the reasons stated in this order. The clerk is instructed to set this case for trial. The parties are instructed to file their proposed instructions and proposed voir dire questions one week prior to the trial date.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this __5th__ day of August 2011, at Wichita, Kansas.

s/ Monti Belot<br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE