IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
KECHI TOWNSHIP and EMPLOYERS    )
MUTUAL CASUALTY COMPANY,        )
                                )
                 Plaintiff,     )    CIVIL ACTION
                                )
v.                              )    No.  10-1051
                                )
FREIGHTLINER, LLC n/k/a DAIMLER )
TRUCKS NORTH AMERICA LLC,       )
                                )
                 Defendant.     )
                                )
```

## MEMORANDUM AND ORDER

This case comes before the court on plaintiffs' motion to exclude Daimler's expert John Maurus and Daimler's response. (Docs. 122 and 138). Plaintiffs Kechi Township (Kechi) and Employers Mutual Casualty Company (EMC) filed this products liability action against defendant Freightliner, LLC., n/k/a Daimler (Daimler) to seek recovery for damages from a fire which completely destroyed Kechi's shop and all its contents. At the time of the fire, a Model RL-70 2000 Freightliner truck, manufactured and sold by Daimler, was parked inside the shop building.

Plaintiffs retained two experts to opine that the cause of the fire was a result of a defect in the truck.[1] Don Birmingham opined, based on his personal on-site investigation, burn patterns, and discussions with Sedgwick County Fire Department investigators, that the fire originated from the truck. James Martin opined that the fire was caused by a loose connection near the starter of the truck that

---

[1] Daimler has moved to exclude the opinions of both experts. (Docs. 117 and 119).

created excessive resistance sufficient to ignite nearby combustibles. After further investigation, a bus bar and cap nut were found in the engine connecting the starter solenoid to the positive battery cable, alternator output cable, and cab power cable.

John Maurus is offered as Daimler's expert and has several opinions regarding the fire. His conclusions are as follows:

> 2. The fire originated in the southeast quadrant of the structure, in the vicinity of the wood stove and John Deere Gator.
>
> 3. The cause for the fire could not be determined, but based on the origin location, damages in the fire origin area, and circumstances surrounding the loss, there were two reasonably probable causation scenarios:
>
>    1. A fire caused by the wood stove, its flue and/or ash disposal in a plastic bucket.
>    2. An electric malfunction in the John Deere Gator.
>
> 4. Conclusions by investigators for EMC Insurance Companies regarding the fire originating in the right part of the engine compartment in the Freightliner truck and caused by electrical resistance heating at the starter solenoid are implausible and highly improbable for reasons stated in this report.

(Doc. 122, exh. 1 at 18).

Plaintiffs move for the exclusions of Maurus' opinions on the basis that they are inconclusive and will not be helpful to the jury.

### **Analysis**

"Rule 702 sets forth the standard for admission of expert testimony," U.S. v. Fredette, 315 F.3d 1235, 1239 (10th Cir. 2003), and assigns "to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharm., 509 U.S. 579, 597, 113 S. Ct. 2786, 2799, 125 L. Ed. 2d 469 (1993). Rule 702 provides that

> [i]f scientific, technical, or other specialized knowledge

> will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Exclusion of expert testimony is the exception, not the rule. See Advisory Committee Notes concerning the amendment to Rule 702 (noting that "a review of the case law after Daubert shows that the rejection of expert testimony is the exception rather than the rule.") While a Daubert hearing is a commonly-accepted method of performing the court's "gate-keeping" function, it is not required. United States v. Charley, 189 F.3d 1251, 1266 (10th Cir. 1999)(district court is granted great latitude in "deciding whether to hold a formal hearing.") Plaintiffs do not request a Daubert hearing in this case and the court finds it unnecessary. Plaintiffs' challenges to Maurus' opinions essentially center around their conclusion that Maurus has failed to actually state an opinion.

The majority of plaintiffs' motion is spent citing the current standards pertaining to the admissibility of expert opinions, which the court is well aware of. Plaintiffs, however, spend very little time analyzing how Maurus' opinions should be excluded in light of those standards. Plaintiffs' specific arguments concerning Maurus' opinions are as follows:

> In the current matter, the report of John Maurus reveals that he is basically acting as a rebuttal expert. Plaintiff concedes that Maurus should be allowed to testify in such a manner as to challenge the testimony and opinions of the Plaintiff's experts. He should not, however, be allowed to provide opinion testimony that does not actually

-3-

>     state an opinion. Maurus's conclusions in his report state
>     that he doesn't know what caused the fire and speculates
>     about other possible ignition sources, none of which he
>     investigated or provides any actual information about, only
>     to note they were possible ignition sources. Such a
>     conclusion is not the well formulated opinion of a person
>     with specialized knowledge. It is speculation intended to
>     confuse the jury.

(Doc. 122 at 8).

The court has reviewed Maurus' report which was submitted with plaintiffs' motion. Maurus' report is twenty-four pages long and details his investigation. Maurus' opinions are based on his investigation of the fire scene, inspections of the truck on two occasions, examination of the evidence taken from the scene and a review of 70 photographs. Maurus details the scene of the fire and the contents of the warehouse. Maurus then states that the cause of the fire cannot be determined but that the fire started from either the wood stove or a malfunction in a John Deere Gator. Maurus goes on to detail why he has come to that conclusion. Plaintiffs urge this court to rule that Maurus' opinions are not admissible because Maurus does not ultimately conclude what caused the fire. Plaintiffs, however, fail to cite to any authority to support their position that an expert must conclusively state an opinion as to a cause of a fire. In fact, an expert is permitted to testify as to different scenarios of causation if those scenarios are the expert's opinions and they would be helpful to the jury. See Werth v. Makita Elec. Works, Ltd, 950 F.2d 643, 652 (10th Cir. 1991)(expert opined on three different scenarios).

Finally, plaintiffs make a conclusory statement that Maurus' opinions should be excluded because they do not lack legitimate

scientific or technical foundation.  Plaintiffs, however, have not identified why Maurus' opinions lack foundation.  As the court previously explained, Maurus detailed his examination of the evidence and his methods at the beginning of his report.  A review of the scene of a fire and observing the physical evidence is a generally acceptable practice for fire investigators.  See Bitler v. A.O. Smith Corp., 391 F.3d 1114, 1122 (10th Cir. 2004).

The bottom line of Maurus' opinion is that the fire did not originate at or near the truck, which appears to be the opposite of plaintiffs' witness Birmingham but whose methodology is similar to Maurus'.  Daubert/Kumho Tire motions are not legitimate substitutes for cross-examination.  Plaintiffs' counsel can cross-examine Maurus and the jury will have the opportunity to weigh his testimony along with all the other evidence.

Plaintiffs' motion to exclude Maurus' opinions is denied. (Doc. 122).

IT IS SO ORDERED.

Dated this 29th day of December 2011, at Wichita, Kansas.

                                            s/ Monti Belot
                                            Monti L. Belot
                                            UNITED STATES DISTRICT JUDGE