IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KECHI TOWNSHIP, et al.,           )<br>                                   )<br>              Plaintiffs,         )<br>                                   )<br>v.                                 )<br>                                   )<br>FREIGHTLINER, LLC n/k/a DAIMLER    )<br>TRUCKS NORTH AMERICA LLC,          )<br>                                   )<br>              Defendant.           )<br>_____) | **CIVIL ACTION**<br><br>No. "10-1051-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant Freightliner, LLC n/k/a Daimler Trucks North America LLC's ("Daimler") motion to limit or exclude the testimony and opinions of plaintiffs' expert James Martin (Doc. 117) and memorandum in support (Doc. 118). The motion has been fully briefed and matter is ripe for decision. (Docs. 129, 151).

**Introduction**

On January 4, 2012, the court held a Daubert hearing and heard Martin's testimony related to his opinions regarding causation of the fire. In debris found after the fire, Martin discovered that terminals on the burned battery cable were welded together, not by the heat of the fire, but rather by the heat created by resistance which, in his judgment, resulted from a loose connection. After further investigation, which included examination of an exemplar cable, Martin concluded that the loose connection was caused by use of the cap nut which could not, by its design, be tightened sufficiently to prevent the loose connection – in other words, a design defect in the product,

the Freightliner truck.

Daimler moves for the exclusion of Martin's opinions on the basis that they are unreliable and will not be helpful to the jury.

### **Analysis**

"Rule 702 sets forth the standard for admission of expert testimony," U.S. v. Fredette, 315 F.3d 1235, 1239 (10th Cir. 2003), and assigns "to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharm., 509 U.S. 579, 597, 113 S. Ct. 2786, 2799, 125 L. Ed. 2d 469 (1993). Rule 702 provides that

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Exclusion of expert testimony is the exception, not the rule. See Advisory Committee Notes concerning the amendment to Rule 702 (noting that "a review of the case law after Daubert shows that the rejection of expert testimony is the exception rather than the rule.")

Daimler does not challenge Martin's credentials, the general relevance of his opinions or the reliability of his testimony that a loose connection in an electrical circuit can cause heating. Instead, Daimler claims that Martin's opinions should be excluded because he

-2-

did not obtain and review the truck's design specifications[1] or verify that the exemplar cable is the same cable as the original cable put on the truck by Daimler and also because he did not rule out other causes of the fire – in other words, that Martin's methodology is not sufficient to support his conclusions.

Whether or not they actually exist, neither plaintiffs' counsel nor Martin requested the truck's specifications as they relate to the cable and, in particular, whether a cap nut was used on the cable when the Freightliner truck left the factory.  Nevertheless, Martin consulted Delco-Remy documents which said not to use a cap nut.  In addition, Martin examined a new exemplar cable which he believes is the same type as the burned cable which was found in the debris following the fire.  Daimler cites Norwood v. Raytheon Co., 2009 WL 677474 (W.D. Tex., Mar. 11, 2009) for the proposition that Martin's failure to obtain the design specifications renders his opinion inadmissible under Daubert/Kumho Tire[2] and Rule 702.  Here is what the Texas court found:

> However, contrary to Plaintiffs' allegations, Franke squarely admitted that "[m]any changes in design and operation occurred during the decades that [the] HAWK [weapons system] was in operation." Raytheon's Mot. to Exclude Franke 2. Yet, despite the several changes in design and operation that occurred between the Basic and Improved HAWKs during the years, Franke did not offer any justification for relying on the measurements from the Improved HAWK to estimate the radiation dosage of the Basic HAWK. Id. at 14-16. Indeed, Franke readily conceded that he failed to review any manuals, design drawings, electrical schematics, or measurements to reconcile the

---

[1] It may turn out that no specifications exist.  None are noted on Daimler's exhibit list, Doc. 124.  Daimler may be hard-pressed to convince the jury on this claim if there are no specifications.

[2] Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999)

-3-

      design and operational differences between the two HAWK systems.

This ruling does not amount to a blanket statement that any expert's design opinion is inadmissible merely because the expert did not review design documents, irrespective of the type of case and the nature of the opinion. Norwood is a toxic tort case with far more complex issues than those present here. Counsels' and Martin's failure to at least request the pertinent design specifications is hard to understand when they base their case on defective design. However, and unless, of course, there are no specifications, the failure goes to the weight of the evidence, not its admissibility. The same applies to evidence about the exemplar cable. True, the cable was not purchased directly from a Freightliner dealer but it does say "Freightliner" and its cap nut assembly appears at least similar to the one retrieved at the fire scene. The jury will have to decide, among other things, what cable was on the truck when it left the Freightliner factory. But Daimler's objections do not amount to a valid Daubert/ Kumho Tire/ Rule 702 challenge to Martin's testimony.[3]

Daimler also challenges Martin's opinion because he does not rule out all possible theories as to the cause of the fire. However,

---

[3] In its initial motion, Daimler asserts that Martin's opinions should be excluded as speculative, citing a case where Judge Vratil excluded Martin's testimony. In their response, plaintiffs point out that Judge Vratil's ruling was deemed to be an abuse of discretion by the Tenth Circuit. In its reply, Daimler goes through a convoluted analysis of the decisions, apparently for the purpose of trying to convince this judge that the opinions can be reconciled in a manner which supports Daimler's arguments. Daimler misses the point, which is that candor to this judge required it to point out, in the first instance, that Judge Vratil's decision was overturned.

it is not a requirement that Martin rule out all possible theories or scenarios before he can render an opinion.  See <u>Bitler v. A.O. Smith Corp.</u>, 400 F.3d 1227, 1238 n. 6 (10th Cir. 2004) ("An expert must show that other causes are improbable when conducting differential diagnosis, but '[t]his is not to say that an expert, in order to testify on causation, must be able to categorically exclude each and every possible alternative cause....'").  Nor does the court read NFPA 9.21 to <u>require</u> an expert to exclude all alternative theories.  NFPA 9.21 is not a statute or a rule of evidence.  Moreover, based on excerpts from his deposition testimony, Martin <u>did</u> rule out other causes.  "I looked at everything in this building that I could see that had an energy source associated with . . . . Consulted with Birmingham [plaintiffs' origin expert].  We talked about what we saw, what we didn't see.  And eventually eliminated everything but the truck."  (Martin Depo. at 43).  It is appropriate for Martin to rely on the work of other experts such as Birmingham.  Daimler cites no authority to the contrary.

### **Conclusion**

The court finds that Martin's opinions are sufficiently reliable under the <u>Daubert/ Kumho Tire/ Rule 702</u> standards and will be helpful to the jury.  Daimler's motion to exclude Martin's testimony and opinions at trial (Doc. 117) is denied.

IT IS SO ORDERED.

Dated this <u> 6th </u> day of January 2012, at Wichita, Kansas.

<u>s/Monti Belot</u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE