IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

KECHI TOWNSHIP, et al.,                )
                                       )
                    Plaintiffs,        )      **CIVIL ACTION**
                                       )
v.                                     )      No.  10-1051
                                       )
FREIGHTLINER, LLC N/K/A DAIMLER        )
TRUCKS NORTH AMERICA LLC,              )
                                       )
                    Defendant.         )
_____)

<u>**MEMORANDUM AND ORDER**</u>

Before the court are the following motions:

1. Defendant Freightliner, LLC n/k/a Daimler Trucks North America LLC's ("Daimler") motion in limine to exclude evidence of plaintiffs' exemplar truck and exemplar battery cable bus bar (Doc. 130) and memorandum in support (Doc. 131).

2. Daimler's motion in limine to prevent recovery or claim for economic damages (Doc. 132) and memorandum in support (Doc. 133).

3. Daimler's motion in limine to exclude other incident evidence (Doc. 134) and memorandum in support (Doc. 135).

4. Daimler's motion in limine to exclude prejudicial statements incorrectly identifying defendant's name and statements of defendant's size, wealth, and corporate citizenship (Doc. 136) and memorandum in support (Doc. 137).

5. Plaintiffs Kechi Township and Employers Mutual Casualty

Company's ("Kechi") motion in limine (Doc. 142) and memorandum in support (Doc. 143).

All parties seek to prohibit the admission of certain evidence at trial.  To the extent it can with the information before it, the court will briefly rule on each motion.  The court cautions the parties, however, that nothing in this Order will preclude the admissibility of the excluded evidence if it otherwise becomes relevant at trial.  See Turley v. State Farm Mut. Ins. Co., 944 F.2d 669, 673 (10th Cir. 1991) ("The better practice would seem to be that evidence of this nature . . . should await development of the trial itself.").  By the same taken, nothing said herein should be constituted as a final ruling admitting evidence to which a valid objection is made at trial.

## Analysis

**A.   Evidence of the Exemplar Truck and Battery (Doc. 130)**

Daimler moves to exclude evidence of Kechi's exemplar truck and battery cable bus bar because it lacks authentication and foundation pursuant to Fed. R. Evid. 901(a).  Daimler claims that Kechi has not provided any supporting evidence that the exemplar truck or battery cable bus bar are examples of or match the incident truck and battery cable bus bar.  Daimler asserts that the exemplar truck is a Model FL-60 whereas the incident truck is a Model FL-70.

Kechi stated at the Daubert hearing on January 4, 2012, that it would not introduce evidence of the Model FL-60 truck.  Daimler's motion in limine on this issue is therefore moot.

Daimler also argues that evidence of the exemplar truck and battery cable bus bar is not relevant to the material issues, and will

mislead and confuse the jury.   Fed. R. Evid. 401-403.   Daimler contends that Kechi has no basis to assume that the exemplar truck and battery cable bus bar are in the same condition as they were when they left the factory or in the same condition as the incident truck and battery cable bus bar when they left the factory.

Daimler's arguments regarding Kechi's failure to review design drawings or manufacturing specifications related to the incident truck and Kechi's assumptions that the exemplar truck and battery cable bus bar match the incident truck can be developed on cross-examination and later argued during closing arguments.   See, however, footnote 1, infra.

Daimler's motion in limine is denied.   (Doc. 130).

**B.    Economic Loss (Doc. 132)**

Daimler moves to exclude evidence of economic loss from the incident truck because recovery of economic loss is barred by the economic loss doctrine.   Daimler does not argue for preclusion of evidence related to the shop building and its contents.

The court will take this matter under advisement because the status of the economic loss doctrine as it pertains to this type of case appears to be unsettled.   The court will allow evidence of the value of the incident truck during trial.   The verdict form will reflect a separate line item for the damages to the incident truck. In the event that Kechi prevails and is awarded damages for the incident truck, Daimler may move for judgment as a matter of law on those damages pursuant to the economic loss doctrine.

**C.    2006 Truck Fire (Doc. 134)**

Daimler moves to exclude evidence related to the 2006 truck fire

involving a 2005 Freightliner truck because it is not substantially similar to the fire in the incident truck.

Kechi does not respond to this motion. Therefore, the court presumes that it does not intend to offer such evidence. Daimler's motion is sustained.

**D.   Daimler's Wealth and Size (Doc. 136)**

Daimler moves to prohibit Kechi from referring to Daimler as "Daimler Chrysler" because Daimler is not a business unit or subsidiary of Chrysler. Daimler argues that it is not related to Chrysler in any way. Daimler also argues that Kechi should be prohibited from introducing evidence regarding Daimler's size, wealth, and corporate citizenship because it is not relevant under Fed. R. Evid. 401, 402.

Kechi does not respond to this motion. Therefore, the court presumes that it does not intend to offer such evidence. Daimler's motion is sustained.

**E.   Kechi's Motion in Limine (Doc. 142)**

**1.   Settlement Offers, Insurance Companies and Net Worth**

Daimler does not intend to offer this evidence. Kechi's motion on these grounds is therefore moot.

**2.   Eric Benstock and Ronald Simmons**

Kechi moves to preclude the testimony of Eric Benstock and Ronald Simmons on the basis that Daimler failed to disclose these witnesses as experts. Benstock and Simmons were disclosed as experts by Delco Remy in February 2011. Delco Remy, however, was dismissed from this action in May 2011. At no point during the course of this litigation has Daimler disclosed that it also intends to call these two experts

as witnesses in its case-in-chief.  Daimler points to language in the
pretrial order that states any party may call another party's
witnesses.  The pretrial order, however, was entered <u>after</u> Delco Remy
was no longer a party to the action.

Although these experts were disclosed during discovery, Kechi had
no knowledge of their continued involvement as witnesses after Delco
Remy exited the case.  Therefore, Kechi was unable to challenge their
testimony in a <u>Daubert</u> motion as that deadline was prior to the final
witness disclosure deadline.  Moreover, Daimler does not explain how
these experts' testimony would be necessary and helpful to the jury
in light of the fact that it will be presenting the testimony of John
Maurus, Tavis Leake and Lance Romig.

Kechi's motion to exclude Benstock and Simmons is granted.

**3.   Captain Tavis Leake and Lance Romig**

Kechi objects to the admission of any expert testimony from Leake
and Romig.  Daimler asserts that these witnesses are fact witnesses
who Daimler disclosed as potential expert witnesses out of an
abundance of caution.  Daimler contends that the witnesses' testimony
will be fact testimony.

Leake responded to the fire and is employed by the Sedgwick
County Fire Department.  Leake's opinions are presumably based on his
investigation at the fire scene.  Kechi was provided with his report
during discovery and has taken Leake's deposition.  Kechi objects to
his designation as an expert on Daimler's final witness list.  It does
not appear that Daimler will call Leake as a live witness.  Instead,
Daimler has designated testimony from Leake's deposition.  Notably,
however, Kechi has not specifically objected to Leake's designation.

-5-

Instead, Kechi has filed a general objection to the designation on the basis that the witness will be appearing live. If that is indeed the case, Kechi is correct. The court will not allow a deposition to be read into the record if the witness will appear live. Leake's deposition can be used for impeachment purposes.

In any event, should Leake testify as a live witness in this case and give an _expert_ opinion that was not disclosed during his deposition, Kechi may make a proper objection. At this time, however, Kechi has not identified any specific opinions that should be excluded.

Romig is employed by Daimler as a District Services Manager. Daimler's witness list states that Romig will testify pertaining to the design and manufacture of the incident truck, his opinions related to quality assurance, testimony relating to the incident fire and refuting plaintiffs' claims relating to causation. Kechi asserts that Romig was only disclosed during discovery as a witness who would offer testimony about the "accident, Plaintiffs' claims and damages." (Doc. 143 at 5). At this point, the court is unable to determine the extent of Romig's testimony and the prior disclosures as those documents are not before the court. Moreover, given the representations by Daimler, it appears that Romig is a fact witness who has personal knowledge of the design of the incident truck. That testimony would presumably be admissible and relevant. Because the court has not been presented with Romig's testimony, however, it cannot rule on its admissibility at this time.

   **4.   Argument that Fire Started in the Trash, Stove or John Deere**

-6-

Kechi asserts that this argument is not supported by the evidence in this case.  Daimler, however, will offer testimony from both Maurus and Leake that the fire's origin may have been from the stove or the John Deere.  These opinions are based on the investigation of the fire.  Kechi's motion is denied.

**5.   Hearsay Statements of Jacob Cox and Curtis McColm**

The court will take this motion under advisement and rule on the admission of the evidence during trial.  However, Kechi must be prepared to address Daimler's authority and argument (Doc. 154 at 9-10) should it persist in objecting to Cox and/or McColm's evidence.

**6.   Design Drawings of the Incident Truck**

Kechi contends that Daimler cannot argue that Kechi had an affirmative obligation to inspect and present design drawings. Daimler responds that it has disclosed drawings during their third supplemental disclosures[1] and will offer testimony from a witness who has intimate knowledge of the design of the incident truck.

Daimler does not respond, however, to Kechi's contention concerning argument of Kechi's alleged obligation to inspect and present design drawings.  There is no requirement under the Kansas Products Liability Act that a plaintiff <u>must</u> inspect and present design drawings.  Therefore, argument to the jury in opening or

---

[1] As the court noted in its Memorandum and Order of January 6, 2012 (Doc. 162), it may be that there are no drawings or specifications pertaining to the battery cable and, in particular, the cap nut.  A couple of drawings were received at Martin's <u>Daubert</u> hearing (exhs. 10 and 11) but they do not appear to show the battery cable.  Assuming counsel are not familiar with this court's views on the purpose of a trial in a civil case, they should know that he expects the truth to come out.  This court strongly disfavors hide-the-ball trial tactics.  Counsels' attention is invited to Fed. R. Evid. 614.

closing that Kechi had some sort of legal obligation to inspect will not be allowed.

### Conclusion

Daimler's motion in limine to exclude evidence of the exemplar truck and battery cable is denied. (Doc. 130). Daimler's motion to prevent recovery on Kechi's claim for economic damages of the incident truck is taken under advisement. (Doc. 132). Daimler's motion in limine to exclude other incident evidence and evidence of Daimler's wealth and size is granted. (Docs. 134, 136). Kechi's motion in limine is granted in part and denied in part. (Doc. 142).


IT IS SO ORDERED.

Dated this __6th__ day of January 2012, at Wichita, Kansas.


s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-8-