IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

|   |   |
|---|---|
| KECHI TOWNSHIP and EMPLOYERS MUTUAL CASUALTY COMPANY,<br><br>                    Plaintiff,<br><br>v.<br><br>FREIGHTLINER, LLC n/k/a DAIMLER TRUCKS NORTH AMERICA LLC,<br><br>                    Defendant. | CIVIL ACTION<br><br>No.  10-1051 |

## ORDER

This case comes before the court on Daimler's motion to exclude Kechi's evidence on damages.  (Docs. 169 and 170).  Daimler's motion is granted in part and denied in part for the reasons herein.

Kechi has offered evidence from James Day, its shop supervisor, to support its claim for damages as to the real estate, heavy equipment, and all other shop equipment.  The court will address each group of items in turn.

### Real Estate

Daimler contends that this evidence is inadmissible because Day is not an expert on real estate valuation, which Day has already admitted.  Kechi responds that it is not offering Day as an expert witness.  Rather, Kechi asserts that as the owner of the property Day can testify as to the value of the real estate.  Kechi cites several cases in its brief including the general rule that "an owner, because of his ownership, is presumed to have special knowledge of the property and may testify as to its value." United States v. Sowards, 370 F.2d 87 (10th Cir. 1966).

Daimler does not dispute this rule as a general proposition. But it is clear from Kechi's submissions and Day's testimony that he is not being offered even as a Rule 701 witness on the value of the real estate before and after the fire, as the jury will be instructed. Rather, Day will <u>only</u> base his testimony on an appraisal that was done by Jess Anderson, an insurance adjuster whose qualifications are unknown. But more to the point, Day's testimony regarding Anderson's opinions clearly is hearsay. Daimler's motion to exclude Day's testimony as to the value of the real estate is granted.

Alternatively, Kechi asserts that it will call Anderson. Daimler objects to this alternative as it was not given notice of this witness. Anderson will presumably be tendered as an expert and would testify pursuant to Rule 702. Kechi had an obligation to disclose its expert witnesses several months ago and did not disclose Anderson. Moreover, Anderson was not disclosed in Kechi's final witness disclosure. Therefore, Anderson will not be permitted to testify.[1]

### Heavy Equipment

Daimler asserts that Day's opinions should be excluded because he was not disclosed as an expert witness[2] and the testimony of the value of the heavy equipment destroyed in the fire is technical and

---

[1] Kechi previously objected to two expert witnesses disclosed on Daimler's final witness list because they had not been disclosed as expert witnesses by the discovery deadline. The court granted Kechi's motion to exclude the testimony as these witnesses because Kechi did not have proper disclosure. (Doc. 163).

[2] Daimler does not object to Kechi's position that an owner may testify as to the value of their personal property. As a corporate representative, Day is acting as the owner of the property that was destroyed in the fire. <u>Ultimate Chemical Co. v. Surface Trans. Int'l, Inc.</u>, 232 Kan. 727, 658 P.2d 1008 (Kan. 1983).

-2-

specialized knowledge which may only be offered pursuant to Rule 702. The court disagrees.

Kansas law provides, and the court will instruct, that the measure of damages to personal property is the difference between its fair and reasonable market value immediately before and immediately after the damage. Warren v. Heartland Auto. Servs., Inc., 36 Kan. App.2d 758, 760 (2006). As discussed previously, an owner may testify about the value of his personal property because he has special knowledge. Day has testified that he has more than thirty years experience in heavy equipment. Day also attends auctions and reads magazines which list the value of heavy equipment. Day has also received an offer to purchase at least one of the pieces of heavy equipment which was owned by Kechi. Day's knowledge is based on his employment with Kechi and the day to day operation of the heavy equipment.

Daimler cites James River Ins. Co. V. Rapid Funding, LLC., 658 F.3d 1207 (10th Cir. 2011), for the proposition that an owner offering technical opinions cannot be admitted under Rule 701. James River, however, discusses the valuation of business real property and not personal property destroyed in a fire - a big distinction. The court has already determined that Day may not offer testimony on the real estate.

Day's testimony may be somewhat specialized due to the fact that an average juror probably is not familiar with the value of heavy equipment. However, the testimony is not expert testimony in its true form because Day is offering his opinion of its value as the owner of the property. Thus, his testimony is admissible under Rule 701. Day,

-3-

however, must testify as to the market value prior to the fire and not simply the replacement cost of the heavy equipment (with the exception of the Gator, which was essentially new when it was destroyed). In other words, Day's testimony must conform to Kansas law.

## All Other Property

As to the other property destroyed in the fire, Daimler moves to exclude this testimony on the basis that Day will testify as to the property's replacement cost and not its market value. Kechi contends that replacement cost evidence is proper and cites Kansas Power & Light Co. v. Thatcher, 14 Kan. App. 2d 613 (Kan. App. 1990). Thatcher, however, is clearly distinguishable. In Thatcher, both parties essentially agreed that replacement cost was the proper valuation.[3] This rule is only applicable when the property has no market value prior to the loss. There has been no evidence that items destroyed by the fire had no market value prior to the fire. After reviewing the list of items offered by Kechi, the court believes that all of the items had a market value prior to the fire. Therefore, replacement cost evidence will not be admissible unless, as already noted, a particular item was new at the time of the fire.

So again, Day may testify as to the value of the items destroyed but only if his testimony is in accordance with Kansas law.

IT IS SO ORDERED.

Dated this 16th day of January 2012, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[3] There is no such agreement in this case.

-4-